```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :    CRIM. NO. 3:01CR299(CFD)
                              :    CIV. NO.  3:03CC1662(CFD)
                              :
         v.                   :
                              :    February 28, 2003
                              :
SCOTT KNOX                    :
```

**GOVERNMENT'S MEMORANDUM CONCERNING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

On December 13, 2001, Scott Knox (the "petitioner") waived Indictment and pleaded guilty to a two-count Information alleging that he violated 18 U.S.C. §§ 2320 and 2(trafficking in counterfeit goods). The petitioner pleaded guilty to trafficking in counterfeit nutritional supplements bearing marks registered in United States to Muscletech Research and Development, Inc. and Cytodyne Technologies, Inc. On January 24, 2003, the Court sentenced the petitioner to eighteen months imprisonment and three years of supervised.

In October 2003, the petitioner filed a motion pursuant to 28 U.S.C. § 2255. On November 18, 2003, the Government filed its response to the petitioner's motion. On approximately December 14, 2003, the petitioner filed a reply to the Government's response.

In February 2005, the District Court invited the Government to file a reply to the petitioner's December 2003 pleadings.

The Government respectfully requests that the District Court dismiss the petitioner's motion for two reasons. First, the

petition is moot as a result of the defendant's discharge from incarceration.  Second, the defendant did not possess a Sixth Amendment right to effective assistance of counsel at the time of the federal grand jury investigation and, as a result, his Sixth Amendment ineffective assistance of counsel claim fails as a matter of law.

First, the petitioner's section 2255 claim is moot given his release from incarceration.  In his section 2255 motion, the petitioner sought to decrease the term of his incarceration, not to challenge his conviction.  (See Mem. In Support Motion Vacate Set Aside Sentence By Federal Prisoner, at 16, 24, 28-29.) Under such circumstances, a petitioner's discharge from incarceration renders moot a section 2255 motion challenging the sentence imposed.

Article 3 of the Constitution gives the federal courts jurisdiction over cases or controversies.  See U.S. Const. Art. III, §2, cl.1.  When the injury for which an petitioner seeks judicial relief is resolved prior to the court's decision, the petitioner can no longer satisfy the Article III case or controversy jurisdictional requirement, a federal court lacks jurisdiction to resolve it.  See, e.g., Burke v. Barnes, 479 U.S. 361, 363 (1987).  Motions brought pursuant to section 2255 require that the petitioner be 'in custody."   Although a petitioner's completion of a term of incarceration does not

2

render moot a habeas corpus petition attacking the underlying conviction due to a presumption that petition still suffers certain collateral consequences as a result of the petitioner's conviction, see Carafas v. LaVallee, 391 U.S. 234 (1968), a section 2255 claim of a petitioner who has served a sentence and challenges only that sentence does not enjoy the same presumption of collateral consequences.  See Lane v. Williams, 455 U.S. 624 (1982).  "Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."  Id. at 631.

Here, based on information obtained from the United States Probation Office for the Eastern District of Pennsylvania, the Government understands that the petitioner was discharged from incarceration on July 21, 2004 and currently is on supervised release until July 20, 2006.  Consequently, the defendant's section 2255 claim is moot.  Cf. United States v. Mercurris, 192 F.3d 290 (2d Cir. 1999)

In Mercurris, a petitioner challenged his sentence claiming that the district court improperly applied a sentencing enhancement to increase his sentence.  The Second Circuit dismissed the petition after the petitioner's release from incarceration and deportation, stating that "Mercurris acknowledges that he cannot rely upon the presumption of collateral consequences arising from a criminal conviction

3

because he does not challenge his conviction-he contests only a sentencing enhancement." Mercurris, 149 F.3d at 293. Because no presumption of collateral consequences existed, the appellate court then looked to whether Mercurris had met his burden of demonstrating the existence of any collateral consequence. Rejecting Mercurris's argument that the appellate court should presume collateral consequences from his enhanced sentence, the Second Circuit stated that "a finding of collateral consequences cannot be based on the speculation that an individual will receive an enhanced sentence in a future sentencing proceeding in connection with a crime he has not yet committed." Id. at 294. The Second Circuit concluded that Mecurris had failed to meet his burden of demonstrating the existence of a collateral consequence and could no longer satisfy the case or controversy requirement of Article 3. See id. at 290; see also Spencer v. Kenna, 523 U.S. 1, 7 (1998).

Because Knox is no longer serving the sentence which he challenged pursuant to section 2255, his petition is moot.

Second, even assuming that the petitioner could meet his burden of demonstrating that the district court has jurisdiction over his case, the petitioner's claim fails for another reason. The Sixth Amendment right to counsel applies only after the initiation of formal criminal proceedings and does not apply to the pre-charge stage of a criminal investigation. As a result,

the defendant did not have a Sixth Amendment right to counsel, let alone effective counsel, during the investigatory stage of this matter.

The Government does not dispute that the petitioner was represented by counsel during the federal criminal investigation leading to his plea of guilty to an Information. It does dispute, however, the "facts" outlined in the defendant's pleadings. Nonetheless, even if the district court accepted those facts as true at this stage of the proceedings, the petitioner's claim still fails.[1]

The Sixth Amendment right to counsel attaches only at the initiation of adversarial criminal proceedings. See United States v. Gouveia, 467 U.S. 180, 188 (1984). Before such judicial proceedings are initiated, a suspect in a criminal investigation has no constitutional right to the assistance of counsel. See Davis v. United States, 512 U.S. 452, 457 (1994). The Supreme Court's pronouncement that the Sixth Amendment right to counsel attaches only "at or after the initiation of judicial criminal proceedings--whether by way of formal charge, preliminary hearing, indictment, information, or arraignment,"

---

[1] To the extent that the defendant complains that the Government has not provided any information concerning when a formal charging document was filed against him, the District Court may expand the record to include the criminal docketing file and record as well as those documents maintained in the criminal case.

Kirby v. Illinois, 406 U.S. 682, 685 (1972)(plurality opinion), is a bright line test. See Moran v. Burbine, 475 U.S. 412, 431 (1986) (stating that the Sixth Amendment right to counsel "becomes applicable only when the government's role shifts from investigation to accusation" and noting that "looking to the initiation of adversary judicial proceedings, far from being a mere formalism, is fundamental to the proper application of the Sixth Amendment.").

    Here, the defendant does not allege that any "formal charge, preliminary hearing, indictment, information, or arraignment" had occurred during the time Mr. Lutsky and his law firm represented him. Nor could he truthfully do so. At most, the Government was conducting a grand jury investigation, and the defendant was a target of that investigation, when Mr. Lutsky represented the defendant. Hence, the defendant was not "the accused" during that period, as the Sixth Amendment and well-established federal legal precedent requires, and did not have a Sixth Amendment right to counsel, let alone effective counsel. See United States v. Moody, 206 F.3d 609, 613 (6th Cir. 2000)(holding that Sixth Amendment right to counsel does not apply to pre-indictment plea negotiations); United States v. Gambone, 2000 WL 1367603 (E.D. Pa. Sept. 21, 2000)(holding that defendant did not possess Sixth Amendment right to effective assistance of counsel during grand jury investigation and rejecting claims that defense counsel

6

rendered ineffective assistance by failing to advise defendant about advantages of cooperating with Government during grand jury investigation), aff'd, 314 F.3d 163 (3rd Cir.), cert. denied, 124 S.Ct. 67 (2003). See also Wyniemko v. Smith, No. 99CV71560, 2000 WL 760704 (E.D. Mich. May 10, 2000)(holding that defendant did not have Sixth Amendment right to effective assistance of counsel during pre-charge line-up and that counsel's conduct during line-up could not provide grounds for ineffective assistance of counsel claim).

Absent a Sixth Amendment right to counsel, the defendant's ineffective assistance of counsel necessarily fails. See Coleman v. Thompson, 501 U.S. 722, 752 (1990)(rejecting claim of ineffective assistance in state post-conviction proceedings where no constitutional right to attorney in those proceedings) (citation omitted). See also 3 W. LaFave, J. Israel, and N. King, Criminal Procedure § 11.7 at 615-16 (2d ed. West 1999) ("a necessary corollary of a constitutional right to counsel that is based on the fair-hearing grounding of the Sixth Amendment, the similar grounding of due process, or the concept of equal protection, is that the retained or appointed counsel not undermine that right by providing ineffective assistance. However, ..., where there is no constitutional right to the assistance of counsel which is tied to such a grounding, there does not exist a constitutional right to effective representation

by counsel.") (footnote omitted).

Section 2255 provides that a court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (2000). The filing of a section 2255 petition, however, "does not entitle a petitioner automatically to a hearing." Newfield v. United States, 565 F.2d 203, 207 (2d Cir. 1977). The Second Circuit has long held that a hearing is not required "where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous." United States v. Malcolm, 432 F.2d 809, 812 (2d Cir. 1970). See also Machibroda v. United States, 368 U.S. 487, 485 (1962)("[T]he language of [section 2255] itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.") The Court also may expand the record to consider an affidavit from a defendant's counsel and, after considering the expanded record, deny the section 2255 petition absent a hearing. A district court properly may rule on a section 2255 motion without a testimonial hearing where (1) the allegations of the motion, accepted as true, would not entitle the defendant to relief or (2) the documentary record, including any supplementary submissions, such as affidavits, render a testimonial hearing unnecessary. See Chang v. United

States, 250 F.3d 79, 85-86 (2d Cir. 2001).  Section 2255 itself provides that a "court may entertain and determine [a section 2255] motion without requiring the production of the prisoner at the hearing."  See also Rosa v. United States, 170 F. Supp. 2d 388, 398-99 (S.D.N.Y. 2001).

Because the defendant's claim fails as a matter of law, the Government respectfully requests that the Court dismiss the petition.

### III. CONCLUSION

In sum, the Government respectfully requests that the Court dismiss the defendant's section 2255 petition.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

BY:  NORA DANNEHY
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. CT1942

FOR: JAMES J. FINNERTY
    ASSISTANT UNITED STATES ATTORNEY
    United States Attorney's Office
    United States Courthouse
    915 Lafayette Boulevard
    Bridgeport, CT 06604
    Tel: (203) 696-3000
    Federal Bar No. CT15203

<u>CERTIFICATION OF SERVICE</u>

  I hereby certify that I caused a copy of the foregoing to be forwarded via United States Mail, First Class, postage prepaid, this February 28, 2005 to:

Scott Knox
72 Barrington Lane
Chester Springs, PA 19425

       BY: NORA DANNEHY
          ASSISTANT UNITED STATES ATTORNEY

       FOR: JAMES J. FINNERTY
          ASSISTANT UNITED STATES ATTORNEY